1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

MOHAMED ABDALLA, an individual; FUAD
ABDELLA, an individual; ABDIKHADAR
ABDI, an individual; ABDISADIQ ABDI, an
individual; ABDULLAHI ABDI, an individual;
HABTAMU ABDI, an individual; MOHAMUD
ABDIFATAH, an individual; MOHAMED
ABDILLAHI, an individual; MOHAMED
ABDUL, an individual; BIFTU ABDULLAHI,
an individual; FAIZA ABDULLAHI, an
individual; MILKI ABDULLAHI, an
individual; MUMIN ABDULLAHI, an
individual; YONAS ABERA, an individual;
MUSTAFA ABUCAR, an individual; FEYSAL
ADAN, an individual; HASSAN ADAN, an
individual; NAJIB ADEN, an individual;
MUSTAFA AHMED, an individual; SALAH
AHMED, an individual; AHMED ALI, an
individual; ALI-NUUR ALI, an individual;
IBRAHIM ALI, an individual; MAHAD ALI,
an individual; MOHAMOUD ALI, an
individual; HASSAN ALLALEH, an individual;
ALI AL-MOHANAWY, an individual; ALI
AMIR, an individual; HAWA ARERO, an
individual; YOHANIS BESHI, an individual;
ABDIRAHMAN DAHIR, an individual;
AHMED DAHIR, an individual; ABDIKADIR
DERE, an individual; ABDULLAH DHOBLE,
an individual; ABUBAKAR DHUBOW, an
individual; ABDINASIR ELMI, an individual;
MOHAMED FARAH, an individual;

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

No.

**NOTICE OF REMOVAL**
**(Diversity Jurisdiction)**

**[CLERK'S ACTION REQUIRED]**

28

NOTICE OF REMOVAL
(Diversity Jurisdiction) - 1

1  ABDIFATAH GALGALO, an individual;
AHMED GAMADA, an individual; KADIR
2  GANAMO, an individual; SERWAN GARDI,
an individual; MERRY GELETA, an
3  individual; JERAB GRIMES, an individual;
ALI HAJI-SOMO, an individual; ALI
4  HASSAN, an individual; HUSSEIN HASSAN,
an individual; ALI HASSAN ALI, an
5  individual; TUUJII HEYII, an individual;
ABDIFATAH HUSSEIN, an individual;
6  MOHAMED HUSSEIN, an individual; RIYAD
7  HUSSEIN, an individual; AHMED IBRAHIM,
an individual; LIBAN IBRAHIM, an individual;
8  ABDI IDAN, an individual; ABDULKADIR
9  ISAHAQ, an individual; AHMED ISAHAQ, an
individual; YAHYE JAMA, an individual;
10  MOHAMED JIBRIL, an individual; CHALA
KABIRA, an individual; NUREDIEN KAMAL,
11  an individual; GOULED KARIYE, an
12  individual; MOHAMED MAHAMOUD, an
individual; MOHAMED MANSOUR, an
13  individual; ZACKY MANSOUR, an individual;
ABDIFATAH MOALIM, an individual; ABDI
14  A. MOHAMED, an individual; ABDIKARIN
15  MOHAMED, an individual; ISMAIL
MOHAMED, an individual; JABIR
16  MOHAMED, an individual; KAREEM
MOHAMED, an individual; MOHAMED
17  MOHAMED, an individual; MOHAMED
YUSUF MOHAMED, an individual; MOWLID
18  MOHAMED, an individual; NAJEEB
19  MOHAMED, an individual; OLOW
MOHAMED, an individual; YAHYE
20  MOHAMED, an individual; YAHYA
MOHAMOUD, an individual; MOHAMED R.
21  MOHAMUD, an individual; SHAWN MOSBY,
22  an individual; MAHAMED OSMAN, an
individual; MOHAMED OSMAN, an
23  individual; YASIR RASHID, an individual;
AMIN ROBELE, an individual; JABIR
24  ROBELE, an individual; GOBANA SAMERU,
an individual; ISSA SHEIK, an individual;
25  AHMED SHEIKH, an individual; SIAD SIAD,
an individual; DEHIYA SITERO, an individual;
26  ABDI SUGULLE, an individual; AWOT
27  TWEOLDEBRHAN, an individual; DANIEL
TUNE, an individual; ADOGA UGAN, an

28

NOTICE OF REMOVAL
(Diversity Jurisdiction) - 2

1 │ individual; GAMACHU UKE, an individual;
ZAKARIA WARSAME, an individual;
2 │ AHMED WASUGE, an individual;
JONATHAN WEREDE, an individual;
3 │ MOHAMED YACOUBE, an individual; and
HARON YUNIS, an individual;
4 │
5 │                           Plaintiffs,
         v.
6 │ SECURITY INDUSTRY SPECIALISTS, INC.,
a California corporation,
7 │
                             Defendant.
8 │
_____

9 │ TO:          The Judges of the U.S. District Court for the Western District of Washington

10 │ AND TO:     Stephen P. Connor, Anne-Marie E. Sargent, Connor & Sargent PLLC, and
                J.D. Stahl, Mundt MacGregor LLP
11 │             Counsel for Plaintiffs

12 │ AND TO:     Clerk of the Court

13 │        Pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, Defendant Security Industry

14 │ Specialists, Inc. ("SIS") hereby removes the above-captioned action from the Superior Court of

15 │ the State of Washington for King County on the grounds of diversity jurisdiction.

16 │ 28 U.S.C. §§ 1332(a), § 1441(a), (b).

17 │        The following statement is submitted pursuant to 28 U.S.C. § 1446(a):

18 │        1.      Plaintiffs are citizens of the state of Washington.  Complaint, ¶¶ 2.1-2.99.[1]

19 │        2.      Defendant SIS is a California corporation, with its principal place of business and

20 │ its headquarters in California.  Complaint, ¶ 2.100.[2]  Accordingly, SIS is a citizen of California.

21 │ 28 U.S.C. § 1332(c)(1).

22 │        3.      Plaintiffs have commenced an action against SIS in King County Superior Court,

23 │ which this state court has designated as Case Number 13-2-22490-9.  SIS first received a copy of

24 │ the Plaintiffs' Complaint on May 29, 2013, through its undersigned counsel being informally

25 │ provided with a copy of Plaintiffs' Summons and Complaint (then unfiled) as well as  Plaintiffs'

26 │

27 │ [1]   A copy of the Complaint is provided in Exhibit 1 to this Notice of Removal.
[2]   *See also,* Washington Secretary of State listing at http://www.sos.wa.gov/corps/search_results.aspx?search_type
28 │ =simple&criteria=all&name_type=contains&name=security+industry+specialists&ubi=.

NOTICE OF REMOVAL
(Diversity Jurisdiction) - 3

1 First Set of Discovery Requests to Defendant SIS, an Acceptance of Service form, and Plaintiffs'

2 [Proposed] Stipulated Protective Order.

3     4.     Plaintiffs formally filed their Summons and Complaint with the state court on

4 June 10, 2013, together with that court's Case Information Cover Sheet and Area Designation.

5 On that same day, the state court issued its Order Setting Civil Case Schedule.

6     5.     On June 12, 2013, Plaintiffs formally served SIS with their Summons, Complaint,

7 the Case Information Cover Sheet and Area Designation, the Order Setting Civil Case Schedule,

8 and Plaintiffs' First Set of Discovery Requests to Defendant SIS.  On June 13, 2013, Plaintiffs

9 filed a Declaration of Service in the state court.

10     6.     No further proceedings have been had in the state court as of the date of this

11 Notice of Removal.

12     7.     Attached as part of Exhibit 1 is a true and correct copy of the Summons and

13 Complaint first received by counsel for SIS on May 29, 2013.  Pursuant to 28 U.S.C § 1446(a),

14 Exhibit 1 also contains all process, pleadings and orders formally served in this action upon SIS.

15     8.     As of the filing of this Notice of Removal, SIS has not yet responded to the

16 Plaintiffs' Complaint.

17     9.     This Notice of Removal is being timely filed within 30 days of May 29, 2013,

18 which is the date when SIS first received the initial pleading upon which this removal is based.

19 29 U.S.C. § 1446(b).

20           **COMPLETE DIVERSITY OF THE PARTIES EXISTS**

21     10.     As stated above in paragraphs 1-2 of this Notice of Removal, all of the plaintiffs

22 here are citizens of the State of Washington, whereas SIS, the only defendant, is a citizen of

23 the State of California.   Thus, complete diversity of the parties exists, consistent with

24 28 U.S.C. § 1332(a).

25

26

27

28

NOTICE OF REMOVAL
(Diversity Jurisdiction) - 4

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 FOR
AT LEAST ONE OF THE 99 INDIVIDUAL PLAINTIFFS**

11.      Plaintiffs framed the allegations of their Complaint to deny diversity jurisdiction. *See* Complaint, ¶¶ 2.1-2.99 and 3.4.  Most relevantly, Plaintiffs aver:

> Each Plaintiff agrees to waive damages above $75,000, **exclusive of attorneys' fees and costs**; therefore, diversity jurisdiction for purposes of removal to federal court is not met.

Complaint, ¶ 3.4 (emphasis added).

12.      Thus, through their counsel, each of the individual Plaintiffs has voluntarily waived and capped his or her damages at no more than $75,000.  At the same time, however, each of the Plaintiffs has excluded from this self-imposed individual damages waiver any potential statutory attorney's fees and costs, which the Complaint separately seeks under RCW 49.60.030(2). *See* Complaint, ¶ 3.4; *see also, id.* at 19 (Prayer for Relief, ¶ D).

13.      SIS accepts each Plaintiff's individual waiver of any damages he or she could claim that exceed $75,000.  SIS relies upon these individual waivers in preparing and proceeding with this Notice of Removal.

14.      In Paragraph 3.4 of their Complaint, Plaintiffs do not state any specific total amount in controversy for any of the individual Plaintiffs.  The same is true for Plaintiffs' Prayer for Relief. However, Plaintiffs' Prayer for Relief identifies several other categories of relief sought besides each Plaintiff's individual damages for the alleged employment discrimination.  These additional categories of relief include attorney's fees and costs pursuant to RCW 49.60.030(2), unspecified "declaratory relief," "[r]einstatement," and "[c]ompensation for the tax penalty associated with any recovery." *See* Complaint at 19 (Prayer for Relief, ¶¶ D-G).  Each of these additional categories of relief increases the Plaintiffs' individual amounts in controversy. *Cf. Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (The amount in controversy there exceeded $75,000 even though the plaintiffs had disclaimed damages above $75,000, because their complaint also sought attorney's fees and other categories of recovery that "do not fall comfortably within the realm of 'damages' and [were] not labeled as such in the Prayer for Relief.").

**Jackson Lewis LLP**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

15.     Based on the facts outlined in this Notice of Removal, SIS has a reasonable good faith belief that at least one of the individual Plaintiffs (and likely others) seeks individual relief exclusive of interests and costs that exceed this Court's jurisdictional threshold of $75,000.  Thus, this Court has jurisdiction over all the claims asserted in this action by all of the individual Plaintiffs.  *See Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 549 (2005).  The sections that follow provide more specific facts confirming this Court's diversity jurisdiction.

### MANY OF THE PLAINTIFFS' INDIVIDUAL CLAIMS FOR ECONOMIC DAMAGES WOULD BE CAPPED AT PLAINTIFFS' SELF-IMPOSED INDIVIDUAL DAMAGES LIMITATIONS OF $75,000 APIECE.

16.     As shown in this section, if the individual Plaintiffs had not waived damages above $75,000, most of these individuals Plaintiffs' claimed economic damages would exceed $75,000.

17.     The computations in this Notice of Removal of specific amounts for Plaintiffs' potential damages on their claims of wage loss and of specific amounts of other damages or monies claimed by the Plaintiffs are provided here solely for the purpose of demonstrating that the amount-in-controversy requirement for removal is met.  SIS believes the computations provided herein are accurate based on the facts established in the accompanying declarations.  However, SIS denies it is liable to any of the Plaintiffs and reserves the right to further refine its position about Plaintiffs' potential damages as the parties exchange initial disclosures and discovery proceeds.

18.     Subject to their self-imposed limits on their individual damages, Plaintiffs seek "the full amount of their damages under Washington's Law Against Discrimination," which includes lost wages, future lost earnings, and other employment benefits.  *See Lords v. N Auto. Corp.*, 75 Wn. App. 589, 604, 881 P.2d 256 (1994)); Complaint at 18 (Prayer for Relief, ¶ A).  The facts known to date demonstrate that most of Plaintiffs' claims will be subject to their self-imposed individual damages limitations of $75,000 apiece.

19.     The gravamen of Plaintiffs' employment discrimination Complaint is (1) SIS obtained a contract from an Amazon.com corporate entity ("Amazon") to provide security guard services formerly performed by Plaintiffs' previous employer, Andrews International, Inc. ("Andrews"); but (2) SIS did not hire most of the 99 current Plaintiffs, who all state they are either

**Jackson Lewis LLP**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

East African or African American and, in numerous cases, also state they practice the Muslim religion. *See* Complaint, ¶¶ 2.1-5.19.

20.     SIS did in fact obtain a contract with Amazon for SIS to provide security guard services to Amazon in Seattle beginning at 10:00 p.m. PDT on July 28, 2012, and for three years thereafter (expiring July 31, 2015). Declaration of Tom P. Seltz Dated June 28, 2013 ("Seltz Decl.") ¶ 4. SIS understands that Amazon's immediately preceding supplier of security guard services was Andrews. *Id.* at ¶ 5. Plaintiffs allege Andrews was their employer before SIS began providing security guard services to Amazon. Complaint, ¶¶ 5.1, and 5.4-5.5.

**Potential Wage Loss Damages-Original SIS Staffing**

21.     The contract between SIS and Amazon required SIS to employ personnel for the various security roles SIS began covering for Amazon late on July 28, 2012. These roles included all of the following job titles.

- Security Specialist (the entry-level security guard role)
- Senior Manager of Operations
- Corporate Investigator (also referred to as Investigator)
- Operations Manager
- Global Security Operations Center ("GSOC") Manager
- GSOC Supervisor
- Badging Officer
- Utility Operations Officer
- Administrative Scheduler
- Administrative Supervisor
- Physical Security Supervisor
- Watch Commander
- Shift Supervisor
- Training Officer

Seltz Decl., ¶ 6.

22.     **Plaintiffs Who Applied to Work as Security Specialists.** Most of the named Plaintiffs allege they applied for Security Specialist positions with SIS. *See* Complaint, ¶ 5.13 (alleging 92 of the Plaintiffs applied for "security guard" roles); *see also*, Declaration of Kayt Priester Dated June 27, 2013 ("Priester Decl."), ¶ 4 (SIS has confirmed from its records that at least 71 of the Plaintiffs applied to SIS for a full-time Security Specialist position). When SIS began providing Amazon with security services, the starting pay for a Security Specialist was $14.50 per

NOTICE OF REMOVAL
(Diversity Jurisdiction) - 7

**Jackson Lewis LLP**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1   hour, which has remained the job's starting pay rate through the date of this Notice of Removal. *Id.*

2   Thus, if each of the Plaintiffs had not waived damages in excess of $75,000, the potential lost wage

3   damages for each of the Plaintiffs who claims he or she should have been hired by SIS as a full-time

4   Security Specialist (working 2,080 hours per year) amount to $30,160 per year, or a total of $90,480

5   apiece over the three-year term of the SIS/Amazon contract.

6         23.    **Plaintiffs Who Applied to Work as an Investigator.**  Plaintiffs Yohanis Beshi

7   (Complaint, ¶ 2.30) and Abdi Sugulle (Complaint, ¶ 2.90) each applied to SIS for one full-time

8   Investigator position, which had and has a base salary of $60,000 per year.  Priester Decl., ¶ 10.

9   Thus, if Plaintiffs Yohanis Beshi and Abdi Sugulle had not each waived damages in excess of

10   $75,000, the potential lost wage damages for one of them of amounts to $60,000 per year, or a

11   total of $180,000 over the three-year term of the SIS/Amazon contract.

12         24.    **Plaintiffs Who Applied to Work as Shift Supervisors.**  Plaintiffs Abdikhadar

13   Abdi (Complaint, ¶ 2.3) and Adoga Ugan (Complaint, ¶ 2.93) each applied to SIS for full-time

14   Shift Supervisor positions, which had a starting hourly pay rate of $18.00 at the time SIS began

15   providing services to Amazon, with the Shift Supervisors who were hired working at an average

16   rate of $20.00 per hour.  Priester Decl., ¶ 11.  Using $20.00 per hour as their presumptive starting

17   pay rate for Plaintiffs Abdikhadar Abdi and Adoga Ugan, this would work out to $41,600 per

18   year.  Thus, if Plaintiffs Abdikhadar Abdi and Adoga Ugan had not each waived damages in

19   excess of $75,000, their individual potential lost wage damages could amount to $41,600 per year,

20   or a total of $124,800 apiece over the three-year term of the SIS/Amazon contract.

21         **Potential Wage Loss Damages—Applicants Who Applied to SIS at Later Times**

22         25.    As discussed in the paragraphs that follow, some of the Plaintiffs applied to SIS

23   for positions working at Amazon after the date on which SIS began providing services to

24   Amazon.  *See* Priester Decl., ¶¶ 6-9, and 12-14.  At SIS, when an applicant is hired, it usually

25   takes approximately seven days from the date the application is submitted until the successful

26   applicant begins working for SIS.  There are exceptions to this timing, which usually arise if the

27   applicant is currently employed and then the applicant normally must give two weeks' notice to

28

NOTICE OF REMOVAL
(Diversity Jurisdiction) - 8

1   his or her current employer before starting work.   Additional delays could be caused by a

2   positive result on a criminal background check or drug test, which could also cause an

3   employment offer to be rescinded. *Id.* ¶ 5.

4         26.   **A Plaintiff Who Applied to Work as an Administrative Scheduler.**   Plaintiff

5   Hawa Arero applied to SIS on August 13, 2012 for a full-time Administrative Scheduler

6   position, which had and has a starting pay of $18.00 per hour.   Priester Decl., ¶ 13.   If she had

7   been hired for this position, her starting date would have been approximately August 20, 2012. *Id.*

8   Thus, if Plaintiff Hawa Arero had not waived damages in excess of $75,000, her claim for potential

9   lost wage damages could amount to $37,440 per year, or a total of $100,800 over the remainder of

10  the SIS/Amazon contract.[3]

11        27.   **A Plaintiff Who Applied to Work as Senior Manager of Operations.**   Plaintiff

12  Ahmed Wasuge (Complaint, ¶ 2.96) applied to SIS on October 29, 2012 for a full-time position

13  as Senior Manager of Operations, which had and has a base salary of $90,000 per year.   Priester

14  Decl., ¶ 6.   If he had been hired for this position, his starting date would have been approximately

15  November 5, 2012. *Id.*   Thus, if Plaintiff Ahmed Wasuge had not waived damages in excess of

16  $75,000, his claim for potential lost wage damages could amount to $90,000 per year, or a total of

17  $243,750 over the remainder of the SIS/Amazon contract.

18        28.   **Plaintiffs Who Applied to Work as Global Security Operations Center**

19  **Manager.**   Plaintiffs Serwan Gardi (Complaint, ¶ 2.41) and Abdifatah Hussein (Complaint, ¶ 2.49)

20  each applied to SIS on December 19, 2012 and February 3, 2012, respectively, for one full-time

21  Global Security Operations Center Manager position, which had and has a base salary of $75,000

22  per year.   Priester Decl., ¶ 7.   If Plaintiff Serwan Gardi had been hired for this position, his starting

23  date would have been approximately January 2, 2013, due to the year-end holidays. *Id.*   If Plaintiff

---

24

25   [3]   For Plaintiff Hawa Arero and the other Plaintiffs who applied for other positions after the contract began (*infra*
¶¶ 26-32), the amount in controversy was calculated by prorating the potential economic damages from the hire or
26   starting date identified in text to the end of the contract term (July 31, 2015). For example, Plaintiffs that worked
from the contract's inception would have wages in controversy for 36 months. However, since the earliest Plaintiff
27   Hawa Arero could have worked for SIS as an Administrative Scheduler was August 20, 2012, her wages in
controversy would be approximately 35 months. Similar prorating calculations were made to determine the value of
28   the amount in controversy for the value of SIS's medical and dental benefits and its paid time off.

NOTICE OF REMOVAL                                                   **Jackson Lewis LLP**
(Diversity Jurisdiction) - 9                                        520 Pike Street, Suite 2300
                                                                    Seattle, Washington 98101
                                                                    (206) 405-0404

1  Abdifatah Hussein had been hired for this position, his starting date would have been

2  approximately February 10, 2013.  *Id.*  Thus, if Plaintiffs Serwan Gardi and Abdifatah Hussein had

3  not each waived damages in excess of $75,000, the potential lost wage damages for one of them

4  could amount to $75,000 per year, or a total of $190,625 over the remainder of the SIS/Amazon

5  contract.

6        29.  **A Plaintiff Who Applied to Work as a Physical Security Supervisor.**  Plaintiff

7  Hassan Allaleh (Complaint, ¶ 2.26) applied to SIS on November 29, 2012, for a full-time

8  Physical Security Supervisor position, which had and has a starting pay of $20.00 per hour.

9  Priester Decl., ¶ 8.  If he had been hired for this position, his starting date would have been

10  approximately December 6, 2012.  *Id.*  Thus, if Plaintiff Hassan Allaleh had not waived damages in

11  excess of $75,000, and if he did not recover for the higher paying application discussed in the next

12  paragraph, his potential lost wage damages for this lower paying position could amount to

13  $41,600 per year, or a total of $100,800 over the remainder of the SIS/Amazon contract.

14        30.  **Plaintiff Who Applied to Work as Watch Commander.**  Plaintiff Hassan Allaleh

15  also applied to SIS on February 28, 2013, for a full-time Watch Commander position, which had

16  and has a starting pay of $30.00 per hour.  Priester Decl., ¶ 9.  If he had been hired for this

17  position, his starting date would have been approximately March 7, 2013.  *Id.*  Thus, if Plaintiff

18  Hassan Allaleh had not waived damages in excess of $75,000, his potential lost wage damages

19  claim for the Watch Commander position could amount to $62,400 per year, or a total of

20  $136,800 over the remainder of the SIS/Amazon contract.

21        31.  **Plaintiffs Who Applied to Work as a Security Operations Center Operator.**

22  Plaintiffs Faiza Abdullahi (Complaint, ¶ 2.11) and Yasir Rashid (Complaint, ¶ 2.82) each applied

23  to SIS on February 12, 2013 and February 3, 2013, respectively, for one full-time Security

24  Operations Center Operation position that paid and still pays $16.50 per hour or $34,320 per year.

25  Priester Decl., ¶ 14.  If Plaintiff Faiza Abdullahi had been hired for this position, her starting date

26  would have been approximately February 19, 2013.  *Id.*  If Plaintiff Yasir Rashid had instead been

27  hired for this position, his starting date would have been approximately February 10, 2013.  *Id.*

28

NOTICE OF REMOVAL
(Diversity Jurisdiction) - 10

**Jackson Lewis LLP**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1    Thus, if Plaintiffs Faiza Abdullahi and Yasir Rashid had not each waived damages in excess of

2    $75,000, the potential lost wage damages claim for one of them could amount to $34,320 per

3    year, or a total of $77,880 from March 2013 over the remainder of the SIS/Amazon contract.

4         32.    **An Additional Plaintiff Who Later Applied to Work as a Shift Supervisor.**

5    Plaintiff Yahye Mohamed (Complaint, ¶ 2.76) also applied to SIS on March 4, 2013, for a Shift

6    Supervisor position.  Priester Decl., ¶ 12.  Shift Supervisors have been receiving an average rate

7    of $20.00 per hour for their work on the SIS/Amazon contract.  *Id.* ¶ 11.  If Plaintiff Yahye

8    Mohamed had been hired for this position, his hire date would have been approximately

9    March 11, 2013.  *Id.* ¶ 12.  Thus, if Plaintiff Yahye Mohamed had not waived damages in excess

10   of $75,000, his potential lost wage damages claim could amount to $41,600 per year, or a total of

11   $91,200 over the remainder of the SIS/Amazon contract.

**Potential Lost Benefits—Medical and Dental Coverage and Vacation**

13        33.    SIS employees working at Amazon locations are eligible for medical and dental

14   benefits after 90 days of employment with SIS.  Thus, November 2012 would have been the first

15   month these SIS employees would have been eligible for medical and dental benefits.  Priester

16   Decl., ¶ 15.

17        34.    **Medical and Dental Benefits During the 2012 Plan Year.**  For the 2012 plan

18   year (from November 2012 to March 2013), the medical PPO premium was $551.29 per month

19   for employee-only coverage.  For non-management (hourly) positions, as well as salaried Watch

20   Commander and salaried Supervisor positions, SIS paid 80% of the employee-only medical PPO

21   premium for any employee who selected the medical benefit ($441.03 per month).  For all other

22   management (salaried) positions, SIS paid 100% of the employee-only medical PPO premium

23   for any employee who selected the medical benefit ($551.29 per month).  Priester Decl., ¶ 15.

24        35.    **Medical and Dental Benefits During the 2013 Plan Year.**  For the 2013 plan

25   year (beginning April 1, 2013), the medical HMO premium was $392.74 per month and the

26   medical PPO premium was $506.03 per month.  Both of these premiums are for employee-only

27   coverage.  For non-management (hourly) positions, as well as salaried Watch Commander and

28

NOTICE OF REMOVAL
(Diversity Jurisdiction) - 11

**Jackson Lewis LLP**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

salaried Supervisor positions, SIS pays 80% of the employee-only medical HMO premium amount for employees who select either the medical HMO or medical PPO option ($314.19 per month).  For all other management (salary) positions, SIS pays 100% of the employee-only medical HMO premium amount for employees who select either the medical HMO or medical PPO option ($392.74 per month).  Priester Decl., ¶ 15.

36.    **Paid Time Off Benefits—General Information.**  All hourly SIS employees working in the city of Seattle are also eligible to accrue paid time off ("PTO") at a rate of one hour for every 30 hours worked.  All salaried SIS employees are eligible to accrue PTO at a rate of 3.33 hours each pay period.  SIS has 24 pay periods per calendar year.  Employees begin to accrue PTO immediately upon hire.  Accrued and unused PTO may be used for personal absences during employment or cashed out (1) upon termination for any reason (including resignations and dismissals), or (2) during employment to the extent the employee's accrued PTO exceeds 40 hours.  Priester Decl., ¶ 16.

37.    **Paid Time Off Benefits—Minimum Computations for Plaintiffs who Applied for Hourly Security Specialist Positions.**  Thus, each Plaintiff who contends he or she should have been hired in a full-time Security Specialist position would have accrued approximately 69.3 hours of paid time off per year, for a minimum value (at the SIS entry-level rate of $14.50 per hour), which amounts to approximately $1,004.85 per year, or a minimum total of approximately $3,014.55 over the three-year term of the SIS/Amazon contract.

38.    **Paid Time Off Benefits-Minimum Computation for Other Plaintiffs.**  A similar computation would apply to all of the other Plaintiffs, although the rate of PTO accruals and the pay rates used to value them would vary with the specific position at issue.

39.    These PTO accruals would further increase each of these Plaintiffs' individual amounts in controversy.

40.    The table that follows summarizes the total economic damages—for wages, medical and dental benefits and PTO—for the individuals and groups of Plaintiffs discussed

above. The numbers shown in the table below are computed using the variables discussed above, and would be subject to Plaintiffs' self-imposed damages cap of $75,000.

| Job Title | Plaintiffs | Pay Rate | Approx. Wages to 7/31/15 | Medical & Dental Benefits[4] | | Paid Time Off | Sum of Economic Damages |
|---|---|---|---|---|---|---|---|
| | | | | Medical | Dental | | |
| Security Specialist | 71 Plaintiffs applied for this position on a full-time basis | $14.50/hr. | $90,480 | $11,002 | $1,644 | $3,016 | **$106,143** |
| Investigator | Yohanis Beshi; Abdi Sugulle | $60k/yr. | $180,000 | $13,753 | $1,644 | $6,916 | **$202,314** |
| Shift Supervisor (July 2012) | Abdikhadar Abdi; Adoga Ugan | $20/hr. | $124,800 | $11,003 | $1,644 | $4,160 | **$141,607** |
| Administrative Scheduler | Hawa Arero | $18/hr. | $100,800 | $13,202 | $1,595 | $3,360 | **$118,956** |
| Senior Mgr. of Ops. | Ahmed Wasuge | $90k/yr. | $243,750[5] | $11,548 | $1,445 | $9,366 | **$266,109** |
| Global Security Ops. Ctr. Mgr. | Serwan Gardi; Abdifatah Hussein | $75k/yr. | $190,625[6] | $10,604 | $1,345 | $7,324 | **$209,899** |
| Physical Security Sup. | Hassan Allaleh | $20/hr. | $100,800[7] | $10,997 | $1,345 | $3,360 | **$116,502** |
| Shift Supervisor (March 2013) | Yahye Mohamed | $20/hr. | $91,200[8] | $9,819 | $1,246 | $3,040 | **$105,304** |
| Watch Cmdr. | Hassan Allaleh | $30/hr. | $136,800[9] | $9,819 | $1,246 | $4,560 | **$152,424** |
| Security Ops. Ctr. Operator | Faiza Abdullahi; Yasir Rashid | $16.50/hr. | $77,880[10] | $10,211 | $1,296 | $2,596 | **$91,983** |

---

[4] Eligible after 90 days of employment with SIS. *See* Priester Decl., ¶ 15. Medical benefits calculated at 2012 rates from November 2012 through March 2013, and at 2013 rates from April 2013 to July 2015. Dental benefit calculated from November 2012 to July 2015.

[5] Assumes hire date of November 5, 2012. *See* Priester Decl., ¶ 6.

[6] Assumes hire date of January 2, 2013. *See* Priester Decl., ¶ 7.

[7] Assumes hire date of December 6, 2012. *See* Priester Decl., ¶ 8.

[8] Assumes hire date of March 11, 2013. *See* Priester Decl., ¶ 12.

[9] Assumes hire date of March 7, 2013. *See* Priester Decl., ¶ 9.

[10] Assumes hire date of February 10, 2013. *See* Priester Decl., ¶ 14.

NOTICE OF REMOVAL
(Diversity Jurisdiction) - 13

**Jackson Lewis LLP**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

## EMOTIONAL DISTRESS DAMAGES

**Plaintiffs' Claims for Non-economic Damages Would Further Increase the Individual Amounts in Controversy to the Extent that an Individual Plaintiff's Economic Damages Claim Did Not Already Reach His/Her Self-Imposed $75,000 Damages Cap.**

41.     The Washington Law Against Discrimination also allows a plaintiff to claim compensatory damages for emotional distress.   *See Glasgow v. Georgia Pac. Corp.*, 103 Wn.2d 401, 407, 693 P.2d 708 (1985) (recognizing damages for emotional distress under Chapter 49.60 RCW).  If there are any individual Plaintiffs whose economic losses do not exceed that particular Plaintiff's self-imposed damages limitation of $75,000, then that individual Plaintiff's claimed emotional distress damages would further increase his or her amount in controversy, up to the $75,000 jurisdictional limit.

## "BLANEY OFFSET"

**Plaintiffs' Requests to Recover Tax Penalties Associated with their Individual Claims for Economic Damages Would Further Increase the Individual Amounts in Controversy, Regardless of Whether the Individual Plaintiff's Claim for Damages Already Reached His/Her Self-Imposed $75,000 Damages Cap.**

42.     Plaintiffs further claim compensation **in addition to their damages** "for the tax penalty associated with any recovery."  Complaint at 19 (Prayer for Relief, ¶ G).  Washington law allows Plaintiffs to claim a *"Blaney* offset" to make them whole for the adverse tax consequences they would suffer from receiving all of their economic damages in one tax year instead of over a period of several years.  *Blaney v. Int'l Ass'n of Machinists & Aerospace Workers*, 151 Wn.2d 203, 87 P.3d 757 (2004).

43.     For example, for any Plaintiffs who claim SIS should have hired them in one of its Security Specialist positions ($14.50 per hour; *see supra* ¶ 16.d), they would have been earning about $30,160 per year, which carries a federal income tax liability of about $3,656, using the 2012 federal income tax tables for married persons filing jointly.[11]  However, Plaintiffs who were not hired by SIS as Security Specialists have not been receiving such an income stream from SIS. Instead, they potentially will claim they should have earned three years' worth of such income,

---

[11]  *See* http//:www.irs.gov (search for "tax rate tables").

NOTICE OF REMOVAL
(Diversity Jurisdiction) - 14

**Jackson Lewis LLP**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

capped at $75,000. *See supra*, ¶ 22. If any of these Plaintiffs were awarded $75,000 in a single tax year for their failure-to-hire claims relating to the Security Specialist position, this award would carry a higher federal income tax liability of about $10,816, using the 2012 federal income tax tables for married persons filing jointly. This increased federal income tax liability of $7,160 would further increase such a Plaintiff's individual amount in controversy.[12]

44.     The following table makes rough estimates of the *Blaney* offset for each of the positions discussed in paragraphs 22-32, above, using the same calculation methodology as outlined in the preceding paragraph:

| Job Title | Plaintiffs | Pay Rate | One Year | | *Blaney* Offset Estimated[13] |
|---|---|---|---|---|---|
| | | | Wages | Tax[14] | |
| **Security Specialist** | 71 Plaintiffs applied for this position | $14.50/hr. | $30,160 | $3,656 | **$7,160** |
| **Investigator** | Yohanis Beshi; Abdi Sugulle | $60k/yr. | $60,000 | $8,134 | **$2,682** |
| **Shift Supervisor (July 2012)** | Abdikhadar Abdi; Adoga Ugan | $20/hr. | $41,600 | $5,374 | **$5,442** |
| **Administrative Scheduler** | Hawa Arero | $18/hr. | $37,440 | $4,744 | **$6,072** |
| **Senior Mgr. of Ops.** | Ahmed Wasuge | $90k/yr. | $90,000 | $14,566 | **$0** |
| **Global Security Ops. Ctr. Mgr.** | Serwan Gardi; Abdifatah Hussein | $75k/yr. | $75,000 | $10,816 | **$0** |
| **Physical Security Sup.** | Hassan Allaleh | $20/hr. | $41,600 | $5,374 | **$5,442** |
| **Shift Supervisor (March 2013)** | Yahye Mohamed | $20/hr. | $41,600 | $5,374 | **$5,442** |
| **Watch Cmdr.** | Hassan Allaleh | $30/hr. | $62,400 | $8,494 | **$2,322** |
| **Security Ops. Ctr. Operator** | Faiza Abdullahi; Yasir Rashid | $16.50/hr. | $34,320 | $4,279 | **$6,537** |

---

[12] Of course, different taxpayers may have greatly differing individual circumstances which could affect their respective tax liabilities. Thus, in proving their *Blaney* offset claims, Plaintiffs will likely need expert analysis and testimony.

[13] For purposes of calculating the *Blaney* offset, we assume Plaintiffs each cap their respective economic damages to $75,000. The federal income tax liability for receiving $75,000 in one year is $10,816 for individuals filing *Married Filing Jointly*.

[14] The federal income tax liability shown is for individuals filing *Married Filing Jointly*.

**Jackson Lewis LLP**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1

## SUMMARY

2      45.    The following table summarizes that total amount of recovery computed in the

3  preceding sections for economic damages for lost wages and benefits (all of which exceed the

4  Plaintiffs' self-imposed caps of $75,000), plus the *Blaney* offset.  No amounts of compensatory

5  damages for emotional distress are included, but those too would plainly increase the amount in

6  controversy for any Plaintiff who claims them.  The numbers shown in this table are computed

7  using the variables discussed above, and would be subject to Plaintiffs' self-imposed damages cap

8  of $75,000.

| Job Title | Plaintiffs | Economic Damages | Emotional Distress | *Blaney* Offset Estimated | Subtotal |
|---|---|---|---|---|---|
| **Security Specialist** | 71 Plaintiffs applied for this position | $106,143 | | $7,160 | **$113,303** |
| **Investigator** | Yohanis Beshi; Abdi Sugulle | $202,314 | | $2,682 | **$204,996** |
| **Shift Supervisor (July 2012)** | Abdikhadar Abdi; Adoga Ugan | $141,607 | | $5,442 | **$147,049** |
| **Administrative Scheduler** | Hawa Arero | $118,956 | | $6,072 | **$125,028** |
| **Senior Mgr. of Ops.** | Ahmed Wasuge | $266,109 | | $0 | **$266,109** |
| **Global Security Ops. Ctr. Mgr.** | Serwan Gardi; Abdifatah Hussein | $209,899 | | $0 | **$209,899** |
| **Physical Security Sup.** | Hassan Allaleh | $116,502 | | $5,442 | **$121,944** |
| **Shift Supervisor (March 2013)** | Yahye Mohamed | $105,304 | | $5,442 | **$110,746** |
| **Watch Cmdr.** | Hassan Allaleh | $152,424 | | $2,322 | **$154,746** |
| **Security Ops. Ctr. Operator** | Faiza Abdullahi; Yasir Rashid | $91,983 | | $6,537 | **$98,520** |

NOTICE OF REMOVAL
(Diversity Jurisdiction) - 16

**Jackson Lewis LLP**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

## DECLARATORY RELIEF AND "REINSTATEMENT"

**Plaintiffs' Requests for These Equitable Remedies Would Further Increase the Individual Amounts in Controversy, Regardless of Whether the Individual Plaintiff's Claim for Damages Already Reached His/Her Self-Imposed $75,000 Damages Cap.**

46.     Plaintiffs also seek unspecified declaratory relief and "[r]einstatement."  Complaint at 19 (Prayer for Relief, ¶¶ E-F).  The values of these equitable remedies will further increase the individual amounts in controversy despite the individual Plaintiffs' self-limited damages.

47.     SIS would incur substantial costs if it were required to hire or reinstate any of the Plaintiffs as a result of this litigation.  For example, SIS would be required to fire existing employees already working for SIS on the Amazon contract, paying them for all their accrued and unused PTO.  SIS would also incur costs associated with the increased unemployment compensation premiums and COBRA benefits to the extent any terminated employees sought these post-termination benefits.  After hiring one or more of the Plaintiffs, SIS would then incur the administrative costs and expenses of training the newly-hired former Andrews employees about the policies and procedures applicable to SIS employees at the Amazon location, which differ substantially from those in place while Plaintiffs worked for Andrews.  In addition, salaried SIS employees and some hourly SIS employees undergo at least two additional days of training at SIS's corporate headquarters in Culver City, California, so there would also be travel expenses associated with hiring employees in these particular roles.  Priester Decl., ¶ 17.

## PLAINTIFFS' CLAIMS FOR ATTORNEYS' FEES AND COSTS:

**Plaintiffs' Separate Requests to Recover their Attorney's Fees and Costs Would Further Increase the Individual Amounts in Controversy, Regardless of Whether the Individual Plaintiff's Claim for Damages Already Reached His/Her Self-Imposed $75,000 Damages Cap.**

48.     Although each Plaintiff has waived claims for economic and non-economic damages exceeding $75,000, Plaintiffs' other claimed categories of recovery—apart from their self-limited damages—clearly would bring more than one of the Plaintiffs' individual amounts in controversy above the $75,000 jurisdictional threshold.  The other categories of recovery discussed so far include Plaintiffs' claims seeking compensation "for the tax penalty associated with any recovery"

NOTICE OF REMOVAL
(Diversity Jurisdiction) - 17

**Jackson Lewis LLP**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1   (the *Blaney* offset; *see supra,* ¶ 12), and Plaintiffs' equitable claims for declaratory relief and

2   reinstatement.

3       49.     None of the preceding analyses has yet included the value of the individual

4   Plaintiffs' claims for their share of Plaintiffs' attorney's fees and costs (which all of the Plaintiffs

5   specifically excluded from their individual waivers of damages above the amount in controversy).

6   *See* Complaint, ¶ 3.4.  However, attorney's fees also are included in computing the amount in

7   controversy "where an underlying statute authorizes an award of attorneys' fees, either with

8   mandatory or discretionary language."   *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156

9   (9th Cir. 1998).

10      50.     Plaintiffs seek attorney's fees under RCW 49.60.030(2), which does authorize an

11  award of reasonable attorney's fees.  Therefore, each Plaintiff's individual share of the attorney's

12  fees and costs would increase that Plaintiff's individual amount in controversy above and beyond

13  his or her $75,000 damages cap.  *See Guglielmino*, 506 F.3d at 698 (in considering the amount in

14  controversy for two individual plaintiffs, the district court estimated attorney's fees at a

15  "conservative" amount equal to 12.5% of those plaintiffs' claimed economic damages before the

16  district court concluded that both plaintiffs' individual claims exceeded the amount in controversy).

17      51.     If this Court uses the same approach as in *Guglielmino*, then, based solely on

18  Plaintiffs' separate claim for attorney's fees in addition to their self-limited damages, the amount in

19  controversy would be exceeded for any Plaintiff whose individual damages claim equals $75,000,

20  as well as for any Plaintiff whose individual damages claim exceeds $65,625 (because 12.5% of

21  $75,000 is $9,375).

**CONCLUSION**

22

23      52.     Based on the analyses above, it is clear that the claims of multiple Plaintiffs here

24  exceed the $75,000 threshold for diversity jurisdiction.  As such, the amount in controversy

25  requirement for jurisdiction plainly is satisfied.  Diversity jurisdiction exists, contrary to Plaintiffs'

26  effort to plead otherwise.

27

28

**Jackson Lewis LLP**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1     53.     This Court is the appropriate venue for removal because it is the federal district court for the district and division where the above-described King County Superior Court case is pending. *See* 28 U.S.C. § 1441(a).

54.     As required by 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being filed with the King County Superior Court, attached to a pleading entitled Notice to State Court of Removal to Federal Court.

55.     As required by 28 U.S.C. § 1446(d), and as affirmed in the attached Declaration of Service, SIS is serving Plaintiffs with this Notice of Removal and with its Notice to State Court of Removal to Federal Court.

DATED this 28th day of June, 2013.

JACKSON LEWIS LLP


 *s/ Karen P. Kruse*
Karen P. Kruse, WSBA #19857
520 Pike Street, Suite 2300
Seattle, WA 98101
Tel: 206-405-0404
Fax: 206-405-4450
karen.kruse@jacksonlewis.com
Attorneys for Defendant

NOTICE OF REMOVAL
(Diversity Jurisdiction) - 19

1

## DECLARATION OF SERVICE

2      The undersigned declares under penalty of perjury under the laws of the State of

3  Washington that on this day, I electronically filed a true and accurate copy of the document to

4  which this declaration is affixed with the Clerk of the Court using the CM/ECF System, which

5  will send notification of such filing to the following:

6

7                Stephen P. Connor
                 Anne Marie E. Sargent

8               Connor & Sargent PLLC
          1000 Second Avenue, Suite 3500

9                Seattle, WA  98104
              Fax:  206-292-0494

10             steve@cslawfirm.net
              aes@cslawfirm.net

11

12                  J.D. Stahl
             Mundt MacGregor LLP

13           271 Wyatt Way NE Ste 106
         Bainbridge Island, WA  98110-2873

14             Tel:  206-624-5950
            Fax:  206-624-5469

15           jdstahl@mundtmac.com

16

17  Dated this ___20th___ day of June, 2013, at Seattle, Washington.

18

19

20                   Andrea W. Preston

                   4842-9902-5172, v. 2

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL
(Diversity Jurisdiction) - 20

EXHIBIT  1

1
2
3
4
5
6

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

7
8

| | |
|---|---|
| MOHAMED ABDALLA, an individual; FUAD ABDELLA, an individual; ABDIKHADAR ABDI, an individual; ABDISADIQ ABDI, an individual; ABDULLAHI ABDI, an individual; HABTAMU ABDI, an individual; MOHAMUD ABDIFATAH, an individual; MOHAMED ABDILLAHI, an individual; MOHAMED ABDUL, an individual; BIFTU ABDULLAHI, an individual; FAIZA ABDULLAHI, an individual; MILKI ABDULLAHI, an individual; MUMIN ABDULLAHI, an individual; YONAS ABERA, an individual; MUSTAFA ABUCAR, an individual; FEYSAL ADAN, an individual; HASSAN ADAN, an individual; NAJIB ADEN, an individual; MUSTAFA AHMED, an individual; SALAH AHMED, an individual; AHMED ALI, an individual; ALI-NUUR ALI, an individual; IBRAHIM ALI, an individual; MAHAD ALI, an individual; MOHAMOUD ALI, an individual; HASSAN ALLALEH, an individual; ALI AL-MOHANAWY, an individual; ALI AMIR, an individual; HAWA ARERO, an individual; YOHANIS BESHI, an individual; ABDIRAHMAN DAHIR, an individual; AHMED DAHIR, an individual; ABDIKADIR DERE, an individual; ABDULLAHI DHOBLE, an individual; ABUBAKAR DHUBOW, an individual; ABDINASIR ELMI, an individual; MOHAMED FARAH, an individual; ABDIFATAH GALGALO, an individual; | NO. SUMMONS |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

SUMMONS - 1

CONNOR & SARGENT PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 · FAX (206) 292-0494

AHMED GAMADA, an individual; KADIR
GANAMO, an individual; SERWAN GARDI,
an individual; MERRY GELETA, an
individual; JERAB GRIMES, an individual;
ALI HAJI-SOMO, an individual; ALI
HASSAN, an individual; HUSSEIN
HASSAN, an individual; ALI HASSAN ALI,
an individual; TUUJII HEYII, an individual;
ABDIFATAH HUSSEIN, an individual;
MOHAMED HUSSEIN, an individual;
RIYAD HUSSEIN, an individual; AHMED
IBRAHIM, an individual; LIBAN IBRAHIM,
an individual; ABDI IDAN, an individual;
ABDULKADIR ISAHAQ, an individual;
AHMED ISAHAQ, an individual; YAHYE
JAMA, an individual; MOHAMED JIBRIL,
an individual; CHALA KABIRA, an
individual; NUREDIEN KAMAL, an
individual; GOULED KARIYE, an individual;
MOHAMED MAHAMOUD, an individual;
MOHAMED MANSOUR, an individual;
ZACKY MANSOUR, an individual;
ABDIFATAH MOALIM, an individual;
ABDI A. MOHAMED, an individual;
ABDIKARIN MOHAMED, an individual;
ISMAIL MOHAMED, an individual; JABIR
MOHAMED, an individual; KAREEM
MOHAMED, an individual; MOHAMED
MOHAMED, an individual; MOHAMED
YUSUF MOHAMED, an individual;
MOWLID MOHAMED, an individual;
NAJEEB MOHAMED, an individual; OLOW
MOHAMED, an individual; YAHYE
MOHAMED, an individual; YAHYA
MOHAMOUD, an individual; MOHAMED R
MOHAMUD, an individual; SHAWN
MOSBY, an individual; MAHAMED
OSMAN, an individual; MOHAMED
OSMAN, an individual; YASIR RASHID, an
individual; AMIN ROBELE, an individual;
JABIR ROBELE, an individual; GOBANA
SAMERU, an individual; ISSA SHEIK, an
individual; AHMED SHEIKH, an individual;
SIAD SIAD, an individual; DEHIYA
SITERO, an individual; ABDI SUGULLE, an
individual; AWOT TEWOLDEBRHAN, an
individual; DANIEL TUNE, an individual;
ADOGA UGAN, an individual; GAMACHU

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

SUMMONS - 2

CONNOR & SARGENT PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 • FAX (206) 292-0494

UKE, an individual; ZAKARIA WARSAME,
an individual; AHMED WASUGE, an
individual; JONATHAN WEREDE, an
individual; MOHAMED YACOUBE, an
individual; HARON YUNIS, an individual; ...

Plaintiffs,

v.

SECURITY INDUSTRY SPECIALISTS,
INC., a California corporation,

Defendant.

**STATE OF WASHINGTON TO: SECURITY INDUSTRY SPECIALISTS, INC.**

**TO THE DEFENDANT**: A lawsuit has been started against you in the above entitled court. Plaintiffs' claims are stated in the written *Complaint*, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the *Complaint* by stating your defense in writing, and serve a copy on the undersigned attorney for the Plaintiffs within 20 days after service of this *Summons*, excluding the day of service, if served within the State of Washington (or within 60 days after said service, if served without the State of Washington), or a Default Judgment may be entered against you without notice. A Default Judgment is one where Plaintiffs are entitled to what they ask for because you have failed to respond. If you serve a Notice of Appearance on the undersigned attorney, you are entitled to notice before a Default Judgment may be entered.

You may demand, if this cause of action has not been filed, that Plaintiffs file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon Plaintiffs. Plaintiffs must file this lawsuit after you serve the demand within 14 days with the

SUMMONS - 3

Court, or the service on you of the *Complaint* will be void.

      If you should wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

      This *Summons* is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

      DATED:   June 10, 2013.

                         CONNOR & SARGENT PLLC

                         By _____
                         Stephen P. Connor, WSBA No. 14305
                         Anne-Marie E. Sargent, WSBA No. 27160
                         Attorneys for Plaintiffs
                         Email: steve@cslawfirm.net
                         Email: aes@cslawfirm.net

                         MUNDT MacGREGOR LLP
                         J.D. Stahl, WSBA No. 14113
                         Email: jdstahl@mundtmac.com

                         Attorneys for Plaintiffs

SUMMONS - 4

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

MOHAMED ABDALLA, an individual; FUAD
ABDELLA, an individual; ABDIKHADAR
ABDI, an individual; ABDISADIQ ABDI, an
individual; ABDULLAHI ABDI, an individual;
HABTAMU ABDI, an individual; MOHAMUD
ABDIFATAH, an individual; MOHAMED
ABDILLAHI, an individual; MOHAMED
ABDUL, an individual; BIFTU ABDULLAHI, an
individual; FAIZA ABDULLAHI, an individual;
MILKI ABDULLAHI, an individual; MUMIN
ABDULLAHI, an individual; YONAS ABERA,
an individual; MUSTAFA ABUCAR, an
individual; FEYSAL ADAN, an individual;
HASSAN ADAN, an individual; NAJIB ADEN,
an individual; MUSTAFA AHMED, an
individual; SALAH AHMED, an individual;
AHMED ALI, an individual; ALI- NUUR ALI,
an individual; IBRAHIM ALI, an individual;
MAHAD ALI, an individual; MOHAMOUD
ALI, an individual; HASSAN ALLALEH, an
individual; ALI AL-MOHANAWY, an
individual; ALI AMIR, an individual; HAWA
ARERO, an individual; YOHANIS BESHI, an
individual; ABDIRAHMAN DAHIR, an
individual; AHMED DAHIR, an individual;
ABDIKADIR DERE, an individual;
ABDULLAHI DHOBLE, an individual;
ABUBAKAR DHUBOW, an individual;
ABDINASIR ELMI, an individual; MOHAMED
FARAH, an individual; ABDIFATAH
GALGALO, an individual; AHMED GAMADA,
an individual; KADIR GANAMO, an individual;
SERWAN GARDI, an individual; MERRY
GELETA, an individual; JERAB GRIMES, an

NO.

COMPLAINT

JURY DEMANDED

COMPLAINT - 1

CONNOR & SARGENT PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5030 • FAX (206) 292-0494

individual; ALI HAJI-SOMO, an individual; ALI
HASSAN, an individual; HUSSEIN HASSAN, an
individual; ALI HASSAN ALI, an individual;
TUUJII HEYII, an individual; ABDIFATAH
HUSSEIN, an individual; MOHAMED
HUSSEIN, an individual; RIYAD HUSSEIN, an
individual; AHMED IBRAHIM, an individual;
LIBAN IBRAHIM, an individual; ABDI IDAN,
an individual; ABDULKADIR ISAHAQ, an
individual; AHMED ISAHAQ, an individual;
YAHYE JAMA, an individual; MOHAMED
JIBRIL, an individual; CHALA KABIRA, an
individual; NUREDIEN KAMAL, an individual;
GOULED KARIYE, an individual; MOHAMED
MAHAMOUD, an individual; MOHAMED
MANSOUR, an individual; ZACKY MANSOUR,
an individual; ABDIFATAH MOALIM, an
individual; ABDI A. MOHAMED, an individual;
ABDIKARIN MOHAMED, an individual;
ISMAIL MOHAMED, an individual; JABIR
MOHAMED, an individual; KAREEM
MOHAMED, an individual; MOHAMED
MOHAMED, an individual; MOHAMED
YUSUF MOHAMED, an individual; MOWLID
MOHAMED, an individual; NAJEEB
MOHAMED, an individual; OLOW
MOHAMED, an individual; YAHYE
MOHAMED, an individual; YAHYA
MOHAMOUD, an individual; MOHAMED R
MOHAMUD, an individual; SHAWN MOSBY,
an individual; MAHAMED OSMAN, an
individual; MOHAMED OSMAN, an individual;
YASIR RASHID, an individual; AMIN
ROBELE, an individual; JABIR ROBELE, an
individual; GOBANA SAMERU, an individual;
ISSA SHEIK, an individual; AHMED SHEIKH,
an individual; SIAD SIAD, an individual;
DEHIYA SITERO, an individual; ABDI
SUGULLE, an individual; AWOT
TEWOLDEBRHAN, an individual; DANIEL
TUNE, an individual; ADOGA UGAN, an
individual; GAMACHU UKE, an individual;
ZAKARIA WARSAME, an individual; AHMED
WASUGE, an individual; JONATHAN
WEREDE, an individual; MOHAMED
YACOUBE, an individual; HARON YUNIS, an
individual; ...

Plaintiffs,

COMPLAINT - 2

CONNOR & SARGENT PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 • FAX (206) 292-0494

v.

SECURITY INDUSTRY SPECIALISTS, INC., a
California corporation,

Defendant.

COME NOW Plaintiffs, by and through their counsel of record, and allege as follows:

## I. INTRODUCTION

1.1     This is a consolidated action for relief from employment discrimination brought pursuant to the Washington Law Against Discrimination, RCW 49.60 (the "WLAD"). Plaintiffs each suffered injury arising out of the same series of illegal hiring practices committed by Defendant Security Industry Specialists, Inc. Plaintiffs' claims therefore present common questions of law and fact appropriate for consolidated adjudication under the joinder criteria of CR 20(a).

1.2     The illegal hiring practices of Defendant include, without limitation:

- discriminating against Plaintiffs on account of their race, national origin and/or religion;

- discriminating against Plaintiffs on account of their opposition to the discriminatory employment practices of their former employer; and

- discriminating against Plaintiffs by implementing hiring policies which had a disparate and discriminatory impact on Plaintiffs as members of protected classes under the WLAD.

COMPLAINT - 3

**CONNOR & SARGENT** PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 • FAX (206) 292-0494

## II. PARTIES

2.1     Plaintiff Mohamed Abdalla resides in King County.  Mr. Abdalla is a person of color of Ethiopian national origin.  He is a practicing member of the Muslim religion.

2.2     Plaintiff Fuad Abdella resides in King County.  Mr. Abdella is a person of color of Ethiopian national origin.  He is a practicing member of the Muslim religion.

2.3     Plaintiff Abdikhadar Abdi resides in King County.  Mr. Abdi is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.4     Plaintiff Abdisadiq Abdi resides in King County.  Mr. Abdi is a person of color of Kenyan national origin.  He is a practicing member of the Muslim religion.

2.5     Plaintiff Abdullahi Abdi resides in King County.  Mr. Abdi is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.6     Plaintiff Habtamu Abdi resides in King County.  Mr. Abdi is a person of color of Ethiopian national origin.

2.7     Plaintiff Mohamud Abdifatah resides in King County.  Mr. Abdifatah is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.8     Plaintiff Mohamed Abdillahi resides in King County.  Mr. Abdillahi is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.9     Plaintiff Mohamed Abdul resides in King County.  Mr. Abdul is a person of color of Ugandan national origin.  He is a practicing member of the Muslim religion.

2.10    Plaintiff Biftu Abdullahi resides in King County.  Ms. Abdullahi is a person of color of Djiboutian national origin.  She is a practicing member of the Muslim religion.

2.11    Plaintiff Faiza Abdullahi resides in King County.  Ms. Abdullahi is a person of color of Ethiopian national origin.  She is a practicing member of the Muslim religion.

COMPLAINT - 4

CONNOR & SARGENT PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 • FAX (206) 292-0494

2.12    Plaintiff Milki Abdullahi resides in King County.  Mr. Abdullahi is a person of color of Ethiopian national origin.  He is a practicing member of the Muslim religion.

2.13    Plaintiff Mumin Abdullahi resides in King County.  Mr. Abdullahi is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.14    Plaintiff Yonas Abera resides in King County.  Mr. Abera is a person of color of Eritrean national origin.  He is a practicing member of the Muslim religion.

2.15    Plaintiff Mustafa Abucar resides in King County.  Mr. Abucar is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.16    Plaintiff Feysal Adan resides in King County.  Mr. Adan is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.17    Plaintiff Hassan Adan resides in King County.  Mr. Adan is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.18    Plaintiff Najib Aden resides in King County.  Mr. Aden is a person of color of Kenyan national origin.  He is a practicing member of the Muslim religion.

2.19    Plaintiff Mustafa Ahmed resides in King County.  Mr. Ahmed is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.20    Plaintiff Salah Ahmed resides in King County.  Mr. Ahmed is a person of color of Ethiopian national origin.  He is a practicing member of the Muslim religion.

2.21    Plaintiff Ahmed Ali resides in King County.  Mr. Ali is a person of color of Djiboutian national origin.  He is a practicing member of the Muslim religion.

2.22    Plaintiff Ali- Nuur Ali resides in King County.  Mr. Ali is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.23    Plaintiff Ibrahim Ali resides in King County.  Mr. Ali is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

COMPLAINT - 5

CONNOR & SARGENT PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 • FAX (206) 292-0494

1   2.24   Plaintiff Mahad Ali resides in King County. Mr. Ali is a person of color of
2   Somali national origin. He is a practicing member of the Muslim religion.

3   2.25   Plaintiff Mohamoud Ali resides in King County. Mr. Ali is a person of color
4   of Somali national origin. He is a practicing member of the Muslim religion.

5   2.26   Plaintiff Hassan Allaleh resides in King County. Mr. Allaleh is a person of
6   color of Djiboutian national origin. He is a practicing member of the Muslim religion.

7   2.27   Plaintiff Ali Al-Mohanawy resides in King County. Mr. Al-Mohanawy is a
8   person of color of Iraqi national origin. He is a practicing member of the Muslim religion.

9   2.28   Plaintiff Ali Amir resides in King County. Mr. Amir is a person of color of
10   Somali national origin. He is a practicing member of the Muslim religion.

11   2.29   Plaintiff Hawa Arero resides in King County. Ms. Arero is a person of color
12   of Ethiopian national origin. She is a practicing member of the Muslim religion.

13   2.30   Plaintiff Yohanis Beshi resides in King County. Mr. Beshi is a person of color
14   of Ethiopian national origin.

15   2.31   Plaintiff Abdirahman Dahir resides in King County. Mr. Dahir is a person of
16   color of Somali national origin. He is a practicing member of the Muslim religion.

17   2.32   Plaintiff Ahmed Dahir resides in King County. Mr. Dahir is a person of color
18   of Somali national origin. He is a practicing member of the Muslim religion.

19   2.33   Plaintiff Abdikadir Dere resides in King County. Mr. Dere is a person of color
20   of Somali national origin. He is a practicing member of the Muslim religion.

21   2.34   Plaintiff Abdullahi Dhoble resides in King County. Mr. Dhoble is a person of
22   color of Somali national origin. He is a practicing member of the Muslim religion.

23   2.35   Plaintiff Abubakar Dhubow resides in King County. Mr. Dhubow is a person
24   of color of Kenyan national origin. He is a practicing member of the Muslim religion.

25

COMPLAINT - 6

CONNOR & SARGENT PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 • FAX (206) 292-0494

2.36    Plaintiff Abdinasir Elmi resides in King County.  Mr. Elmi is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.37    Plaintiff Mohamed Farah resides in King County.  Mr. Farah is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.38    Plaintiff Abdifatah Galgalo resides in King County.  Mr. Galgalo is a person of color of Ethiopian national origin.  He is a practicing member of the Muslim religion.

2.39    Plaintiff Ahmed Gamada resides in King County.  Mr. Gamada is a person of color of Ethiopian national origin.  He is a practicing member of the Muslim religion.

2.40    Plaintiff Kadir Ganamo resides in King County.  Mr. Ganamo is a person of color of Ethiopian national origin.  He is a practicing member of the Muslim religion.

2.41    Plaintiff Serwan Gardi resides in King County.  Mr. Gardi is a person of color of Iraqi national origin.  He is a practicing member of the Muslim religion.

2.42    Plaintiff Merry Geleta resides in King County.  Ms. Geleta is a person of color of Ethiopian national origin.

2.43    Plaintiff Jerab Grimes resides in King County.  Mr. Grimes is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.44    Plaintiff Ali Haji-Somo resides in King County.  Mr. Haji-Somo is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.45    Plaintiff Ali Hassan resides in King County.  Mr. Hassan is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.46    Plaintiff Hussein Hassan resides in King County.  Mr. Hassan is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.47    Plaintiff Ali Hassan Ali resides in King County.  Mr. Hassan Ali is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

CONNOR & SARGENT PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 • FAX (206) 292-0494

2.48    Plaintiff Tuujii Heyii resides in King County.  Mr. Heyii is a person of color of Ethiopian national origin.  He is a practicing member of the Muslim religion.

2.49    Plaintiff Abdifatah Hussein resides in King County.  Mr. Hussein is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.50    Plaintiff Mohamed Hussein resides in King County.  Mr. Hussein is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.51    Plaintiff Riyad Hussein resides in King County.  Mr. Hussein is a person of color of Ethiopian national origin.  He is a practicing member of the Muslim religion.

2.52    Plaintiff Ahmed Ibrahim resides in King County.  Mr. Ibrahim is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.53    Plaintiff Liban Ibrahim resides in King County.  Mr. Ibrahim is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.54    Plaintiff Abdi Idan resides in King County.  Mr. Idan is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.55    Plaintiff Abdulkadir Isahaq resides in King County.  Mr. Isahaq is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.56    Plaintiff Ahmed Isahaq resides in King County.  Mr. Isahaq is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.57    Plaintiff Yahye Jama resides in King County.  Mr. Jama is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.58    Plaintiff Mohamed Jibril resides in King County.  Mr. Jibril is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.59    Plaintiff Chala Kabira resides in King County.  Mr. Kabira is a person of color of Ethiopian national origin.  He is a practicing member of the Muslim religion.

COMPLAINT - 8

CONNOR & SARGENT PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 • FAX (206) 292-0494

1       2.60    Plaintiff Nuredien Kamal resides in King County. Mr. Kamal is a person of

2   color of Ethiopian national origin. He is a practicing member of the Muslim religion.

3       2.61    Plaintiff Gouled Kariye resides in King County. Mr. Kariye is a person of

4   color of Somali national origin. He is a practicing member of the Muslim religion.

5       2.62    Plaintiff Mohamed Mahamoud resides in King County. Mr. Mahamoud is a

6   person of color of Somali national origin. He is a practicing member of the Muslim religion.

7       2.63    Plaintiff Mohamed Mansour resides in King County. Mr. Mansour is a person

8   of color of Somali national origin. He is a practicing member of the Muslim religion.

9       2.64    Plaintiff Zacky Mansour resides in King County. Mr. Mansour is a person of

10   color of Somali national origin. He is a practicing member of the Muslim religion.

11       2.65    Plaintiff Abdifatah Moalim resides in King County. Mr. Moalim is a person

12   of color of Ethiopian national origin. He is a practicing member of the Muslim religion.

13       2.66    Plaintiff Abdi A. Mohamed resides in King County. Mr. Mohamed is a person

14   of color of Somali national origin. He is a practicing member of the Muslim religion.

15       2.67    Plaintiff Abdikarin Mohamed resides in King County. Mr. Mohamed is a

16   person of color of Somali national origin. He is a practicing member of the Muslim religion.

17       2.68    Plaintiff Ismail Mohamed resides in King County. Mr. Mohamed is a person

18   of color of Somali national origin. He is a practicing member of the Muslim religion.

19       2.69    Plaintiff Jabir Mohamed resides in King County. Mr. Mohamed is a person of

20   color of Ethiopian national origin. He is a practicing member of the Muslim religion.

21       2.70    Plaintiff Kareem Mohamed resides in King County. Mr. Mohamed is a person

22   of color of Kenyan national origin. He is a practicing member of the Muslim religion.

23       2.71    Plaintiff Mohamed Mohamed resides in King County. Mr. Mohamed is a

24   person of color of Somali national origin. He is a practicing member of the Muslim religion.

25

CONNOR & SARGENT PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 • FAX (206) 292-0494

2.72    Plaintiff Mohamed Yusuf Mohamed resides in King County.  Mr. Mohamed is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.73    Plaintiff Mowlid Mohamed resides in King County.  Mr. Mohamed is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.74    Plaintiff Najeeb Mohamed resides in King County.  Mr. Mohamed is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.75    Plaintiff Olow Mohamed resides in King County.  Mr. Mohamed is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.76    Plaintiff Yahye Mohamed resides in King County.  Mr. Mohamed is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.77    Plaintiff Yahya Mohamoud resides in King County.  Mr. Mohamoud is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.78    Plaintiff Mohamed R Mohamud resides in King County.  Mr. Mohamud is a person of color of Ethiopian national origin.  He is a practicing member of the Muslim religion.

2.79    Plaintiff Shawn Mosby resides in King County.  Mr. Mosby is an African American person .

2.80    Plaintiff Mahamed Osman resides in King County.  Mr. Osman is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.81    Plaintiff Mohamed Osman resides in King County.  Mr. Osman is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.82    Plaintiff Yasir Rashid resides in King County.  Mr. Rashid is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

COMPLAINT - 10

2.83   Plaintiff Amin Robele resides in King County.  Mr. Robele is a person of color of Ethiopian national origin.  He is a practicing member of the Muslim religion.

2.84   Plaintiff Jabir Robele resides in King County.  Mr. Robele is a person of color of Ethiopian national origin.  He is a practicing member of the Muslim religion.

2.85   Plaintiff Gobana Sameru resides in King County.  Mr. Sameru is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.86   Plaintiff Issa Sheik resides in King County.  Mr. Sheik is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.87   Plaintiff Ahmed Sheikh resides in King County.  Mr. Sheikh is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.88   Plaintiff Siad Siad resides in King County.  Mr. Siad is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.89   Plaintiff Dehiya Sitero resides in King County.  Mr. Sitero is a person of color of Sudanese national origin.  He is a practicing member of the Muslim religion.

2.90   Plaintiff Abdi Sugulle resides in King County.  Mr. Sugulle is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.91   Plaintiff Awot Tewoldebrhan resides in King County.  Mr. Tewoldebrhan is a person of color of Ethiopian national origin.  He is a practicing member of the Muslim religion.

2.92   Plaintiff Daniel Tune resides in King County.  Mr. Tune is a person of color of Ethiopian national origin.

2.93   Plaintiff Adoga Ugan resides in King County.  Mr. Ugan is a person of color of Nigerian national origin.

COMPLAINT - 11

CONNOR & SARGENT PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 • FAX (206) 292-0494

2.94     Plaintiff Gamachu Uke resides in King County.  Mr. Uke is a person of color of Kenyan national origin.  He is a practicing member of the Muslim religion.

2.95     Plaintiff Zakaria Warsame resides in King County.  Mr. Warsame is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.96     Plaintiff Ahmed Wasuge resides in King County.  Mr. Wasuge is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.97     Plaintiff Jonathan Werede resides in King County.  Mr. Werede is a person of color of Eritrean national origin.

2.98     Plaintiff Mohamed Yacoube resides in King County.  Mr. Yacoube is a person of color of Djiboutian national origin.  He is a practicing member of the Muslim religion.

2.99     Plaintiff Haron Yunis resides in King County.  Mr. Yunis is a person of color of Somali national origin.  He is a practicing member of the Muslim religion.

2.100    Defendant Security Industry Specialists, Inc. ("SIS") is a corporation organized and existing under the Laws of the State of California, with its principal place of business in Culver City, California.

## III. JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to RCW 2.08.010, RCW 4.28.020, and RCW 49.60.030.

3.2     This Court has jurisdiction over the parties for the reason that all parties reside and/or regularly transact business in Washington.

3.3     Venue is proper in this Court pursuant to RCW 4.12.025 because Defendant SIS transacts business in King County, Washington, and at least some of the illegal practices at issue were committed in King County.

COMPLAINT - 12

CONNOR & SARGENT PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 · FAX (206) 292-0494

3.4     Each Plaintiff agrees to waive damages above $75,000, exclusive of attorneys' fees and costs; therefore, diversity jurisdiction for purposes of removal to federal court is not met.

## IV. JOINDER

4.1     Plaintiffs seek to join the claims of the ninety-nine (99) plaintiffs in this action.

4.2     Joinder of Plaintiffs' claims is appropriate pursuant to CR 20(a):

All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of these persons will arise in the action.

4.3     Plaintiffs' claims for relief arise out of the same series of transactions or occurrences—that is, SIS's discriminatory and illegal hiring practices. Plaintiffs' claims present common questions of law or fact, including without limitation: (1) whether Defendant intentionally discriminated against Plaintiffs because of their race, national origin and/or religion; (2) whether Defendant intentionally discriminated against Plaintiffs because Plaintiffs had exercised their rights under the WLAD to oppose the discriminatory and illegal employment practices of their former employer, Andrews, or because Defendant perceived that Plaintiffs had done so; and (3) whether Defendant implemented facially neutral hiring policies and practices which had a disparate impact on Plaintiffs, as members of protected classes.

## V. FACTS

5.1     Plaintiffs were formerly employed as security guards by Andrews International, Inc. ("Andrews"), a security services firm headquartered in Valencia, California. From approximately July of 2010 until July of 2012, Andrews had a contract with Amazon, Inc. (the "Amazon Contract") to provide security guard services to various

COMPLAINT - 13

CONNOR & SARGENT PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 · FAX (206) 292-0494

1  Amazon sites in and around the South Lake Union area of Seattle.  Plaintiffs were employed

2  by Andrews in Washington as security guards under the Amazon Contract.

3         5.2     For the duration of the Amazon Contract, seventy-five percent (75%) or more

4  of Andrews' security guards were persons  and of African origin who were practicing

5  Muslims.  By contrast, the majority of Andrews' supervisory personnel were white or of non-

6  African origins and non-Muslim.

7         5.3     During their employment with Andrews, Plaintiffs alleged that they suffered

8  disparate treatment and a hostile work environment on the basis of their race, national origin

9  and/or religion.  Plaintiffs complained to their supervisors, to Andrews' local account

10 managers, to Andrews' local human resources manager, and to Andrews' headquarters in

11 California about the discriminatory and hostile work environment.  Approximately thirty (30)

12 of the Plaintiffs retained attorneys in the spring of 2012 and threatened to file suit regarding

13 these claims.

14        5.4     On July 16, 2012, Andrews posted an announcement to its Amazon Contract

15 workforce that it had lost the Amazon Contract and would soon be laying off all security

16 guards working under the Amazon Contract.  This announcement was posted approximately

17 ten days before the layoffs took effect.

18        5.5     The July 16 announcement posted by Andrews also advised that Defendant

19 SIS would be the new security firm providing security services to Amazon.  The

20 announcement identified a special internet web link through which employment applications

21 from existing Andrews employees could be submitted to SIS, but advised that the link would

22 only be active until 5:00 p.m. the following day, July 17.

23        5.6     In the security industry, when a new security firm (like SIS here) replaces

24 another security firm (like Andrews) on a large security services contract (like the Amazon

25

COMPLAINT - 14

**CONNOR & SARGENT** PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 • FAX (206) 292-0494

1  Contract), it is standard practice for the new firm to re-hire the bulk of the existing security

2  guard workforce of the former firm.  For example, when Andrews took over the Amazon

3  Contract from the predecessor firm in July of 2010, Andrews hired many of predecessor

4  firm's security guards at the time, including a number of the Plaintiffs herein.

5     5.7     The separate web link through which Andrews' employees were to apply for

6  re-hire by SIS was "live" only until 5:00 p.m. on July 17, the day after the lay-off

7  announcement.  The site also had technical difficulties.  In combination with work schedules

8  (where Plaintiffs did not have access to computers), this made it very difficult for many of the

9  Plaintiffs to submit applications to SIS via the link.  Some Plaintiffs, believing the link was

10  the only way to apply for a position at SIS, did not apply to SIS for employment.  Most

11  Plaintiffs, however, were able to submit applications for employment to SIS either through

12  the link, through SIS's "home" website, or by responding to SIS's solicitation for applications

13  on Craigslist.

14     5.8     All but seven of the ninety-nine (99) Plaintiffs herein submitted one or more

15  applications for employment to SIS.[1]  Substantial factors in why those seven Plaintiffs did not

16  apply was their inability to utilize the website link and their mistaken belief that the link was

17  the only way to apply for a position at SIS.  Another substantial factor was hearing that the

18  Plaintiffs who had applied to SIS via the link or otherwise were not being hired by SIS.

19     5.9     Most Plaintiffs received no response from SIS to their application for

20  employment.  A small number were given interviews.

21     5.10     Despite their qualifications and prior security experience, and their familiarity

22  with the Amazon sites, of the ninety-two (92) Plaintiffs who applied to SIS, only two (2)

23

24  [1] The seven (7) Plaintiffs who did not apply to SIS are: Milki Abdullahi, Serwan Gardi, Merry Geleta, Riyad Hussein, Mohamed Yusuf Mohamed, Yahye Mohamed, and Daniel Tune.

25

COMPLAINT - 15

CONNOR & SARGENT PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 • FAX (206) 292-0494

Plaintiffs were informed that they were hired at the time SIS took over the Amazon Contract or within several months thereafter.[2] Those two (2) Plaintiffs were Mohamed Hussein and Mohamed Olow.

5.11    While filling out paperwork at SIS, Mohamed Hussein requested five (5) minutes to pray. The next day, representatives from SIS spoke with him over the phone about prayer while he was at home. Mohamed Hussein explained the religious practice of prayer and what it requires. SIS then stopped contacting Mohamed Hussein about his job at SIS. Mohamed Hussein believed his hire had been revoked and he did not work at SIS.

5.12    Mohamed Olow worked at SIS for four days without incident, and was then terminated without explanation by a white supervisor who had formerly worked for Andrews.

5.13    SIS's website states that it hired more than 200 security guards at the Amazon site. Yet despite the industry custom discussed in Paragraph 5.6 above, and despite applications from ninety-two (92) of the Plaintiffs herein, with few exceptions, SIS did not re-hire any members of the Andrews workforce who were persons of African origin, and/or of Muslim faith. The vast majority of the former Andrews employees who were re-hired by SIS were white or of non-African origin and/or non-Muslim.

5.14    Upon information and belief, SIS offered positions to Andrews employees who were not of African origins and who were not Muslim well before notice of the transition of security firms was announced on July 16, 2012.

5.15    Upon information and belief, SIS put some former Andrews employees into positions of authority and influence over which other former Andrews employees would be re-hired. This in part caused SIS not to hire Plaintiffs because of their race, national origin,

---

[2] Since beginning discussions with Plaintiffs' counsel regarding the filing of this lawsuit, SIS has hired or offered positions to a number of Plaintiffs and other former Andrews employees of color, African origin, and/or the Muslim faith.

COMPLAINT - 16

CONNOR & SARGENT PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 · FAX (206) 292-0494

1  or Muslim religion, or because of their complaints about and opposition to discrimination and

2  hostile treatment by their former employer.

3      5.16    Upon information and belief, approximately twenty (20) former Andrews

4  employees who were white, or not of African origin, or not of the Muslim faith, were hired by

5  SIS for the Amazon Contract.  These former Andrews employees re-hired by SIS were no

6  more qualified for the security guard positions at SIS then Plaintiffs.

7      5.17    Of those Plaintiffs who were interviewed by SIS, many were asked in their

8  interviews whether they had participated in asserting complaints or claims about the

9  discriminatory and hostile working conditions at Andrews. Plaintiffs, being of similar ethnic,

10  national origin and/or religious backgrounds and belief were perceived to have asserted, or to

11  be likely to assert their civil rights as did some among them.

12      5.18    Plaintiffs' race, national origin, religion, and/or their actual or perceived

13  opposition to discriminatory treatment forbidden by the WLAD was a substantial factor in

14  Defendant's decision to not hire Plaintiffs.

15      5.19    On information and belief,  Defendant's hiring practices resulted in the hiring

16  of a substantially lesser percentage of persons of color, of African origin, and/or who are

17  Muslim and of persons who asserted or were perceived to have asserted their civil rights than

18  the percentage of such individuals in the pool of actual and deterred applicants.

19                    **VI. CAUSES OF ACTION**

20      6.1    Plaintiffs reallege the foregoing paragraphs as though fully set forth herein.

21  **A.    Violation of the Washington Law Against Discrimination, RCW 49.60 _et seq._, on
    the Basis of Religion, Race, and/or National Origin.**

22

23      6.2    Defendant's failure to hire any of the Plaintiffs because of their race, national

24  origins or religion constitutes intentional discrimination in violation of the Washington Law

    Against Discrimination, RCW 49.60.030(2).

25

COMPLAINT - 17

**CONNOR & SARGENT** PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 · FAX (206) 292-0494

6.3     Plaintiffs have been damaged by Defendant's discrimination in amounts to be determined at trial.

**B.      Violation of the Washington Law Against Discrimination, RCW 49.60 *et seq.*, on the Basis of the Exercise of a Legal Right.**

6.4     Defendant's failure to hire any of the Plaintiffs because they actually asserted, or were perceived by Defendant to have asserted, their legal right to oppose unlawful discriminatory treatment by their previous employer forbidden by the WALD constitutes unlawful retaliatory discrimination in violation of the Washington Law Against Discrimination, RCW 49.60.210.

6.5     Plaintiffs have been damaged by Defendant's retaliation in amounts to be determined at trial.

**C.      Disparate Impact on a Protected Class under the Washington Law Against Discrimination, RCW 49.60 *et seq.***

6.6     In the alternative, Defendant's hiring process had a disparate impact on Plaintiffs who are of color, who are of African origin, and/or are Muslim and/or who asserted or who were perceived to have asserted their civil rights.

6.7     Plaintiffs have been damaged in amounts to be determined at trial.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A.      Awarding Plaintiffs the full amount of their damages under Washington's Law Against Discrimination in amounts to be established at trial;

B.      Awarding Plaintiffs prejudgment interest on all awards;

C.      Awarding Plaintiffs statutory costs and fees;

COMPLAINT - 18

CONNOR & SARGENT PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 · FAX (206) 292-0494

D.    Awarding Plaintiffs reasonable attorney's fees and costs pursuant to RCW 49.60.030(2);

E.    Entering declaratory relief for Plaintiffs;

F.    Reinstatement;

G.    Compensation for the tax penalty associated with any recovery; and

H.    Such further and additional relief the court shall deem just and equitable.

DATED:  June 10, 2013.

CONNOR & SARGENT PLLC

By
Stephen P. Connor, WSBA No. 14305
Anne-Marie E. Sargent, WSBA No. 27160
Attorneys for Plaintiffs
Email: steve@cslawfirm.net
Email:  aes@cslawfirm.net

MUNDT MacGREGOR LLP
J.D. Stahl, WSBA No. 14113
Email: jdstahl@mundtmac.com

Attorneys for Plaintiffs

COMPLAINT - 19

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

Abdalla et. al.

VS

Security Industry Specialists, Inc.

NO. 13-2-22490-9 SEA

CASE INFORMATION COVER SHEET
AND AREA DESIGNATION

CAUSE OF ACTION

**(MSC) -**   OTHER COMPLAINTS/PETITIONS

AREA DESIGNATION

**SEATTLE -**   Defined as all King County north of Interstate 90 and including all
of Interstate 90 right of way, all of the cities of Seattle, Mercer
Island, Issaquah, and North Bend, and all of Vashon and Maury
Islands.

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| Abdalla et. al. | NO.    13-2-22490-9 SEA |
| Plaintiff(s), | ORDER SETTING CIVIL CASE SCHEDULE |
| vs. | |
| | ASSIGNED JUDGE: Benton, Monica, Dept. 49 |
| Security Industry Specialists, Inc. | |
| Respondent(s) | FILED DATE: 6/10/2013 |
| | TRIAL DATE: 9/8/2014 |
| | SCOMIS CODE: *ORSCS |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF**: The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition*. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**"I understand that I am required to give a copy of these documents to all parties in this case."**

| | |
|---|---|
| PRINT NAME | SIGN NAME |

**I. NOTICES  (continued)**

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING  DUE DATES  CANCELED  BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

 Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date,** the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION  FILING  AND TRIAL DE NOVO POST ARBITRATION  FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| √ | CASE EVENTS | DATE |
|---|---|---|
|  | Case Filed and Schedule Issued. | 6/10/2013 |
| √ | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$220 arbitration fee must be paid** | 11/18/2013 |
| √ | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. *[See KCLCR 4.2(a) and Notices on Page 2]*. | 11/18/2013 |
|  | **DEADLINE** for Hearing Motions to Change Case Assignment Area. [See *KCLCR 82(e)*] | 12/2/2013 |
|  | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(b)*]. | 4/7/2014 |
|  | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(b)*]. | 5/19/2014 |
|  | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 6/2/2014 |
|  | **DEADLINE** for Setting Motion for a Change in Trial Date [See KCLCR 40(e)(2)]. | 6/2/2014 |
|  | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 7/21/2014 |
|  | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 8/11/2014 |
|  | **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [*See KCLCR 4(j)*]. | 8/18/2014 |
| √ | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(2)]. | 8/18/2014 |
|  | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 8/25/2014 |
| √ | Joint Statement of Evidence [KCLCR 4(K)] | 9/2/2014 |
|  | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk). | 9/2/2014 |
|  | Trial Date [*See KCLCR 40*]. | 9/8/2014 |

The √ indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

### III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

*Richard F. McDermott*

DATED: __6/10/2013____      _____

PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**
 **A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

**The form is** available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Court website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

## MOTIONS PROCEDURES
**A. Noting of Motions**
 **Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:** Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents:** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.** Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for non-dispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

*Richard F. McDermott*

**PRESIDING JUDGE**

1
2
3
4
5
6
7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

8

| | |
|---|---|
| MOHAMED ABDALLA, an individual; FUAD ABDELLA, an individual; ABDIKHADAR ABDI, an individual; ABDISADIQ ABDI, an individual; ABDULLAHI ABDI, an individual; HABTAMU ABDI, an individual; MOHAMUD ABDIFATAH, an individual; MOHAMED ABDILLAHI, an individual; MOHAMED ABDUL, an individual; BIFTU ABDULLAHI, an individual; FAIZA ABDULLAHI, an individual; MILKI ABDULLAHI, an individual; MUMIN ABDULLAHI, an individual; YONAS ABERA, an individual; MUSTAFA ABUCAR, an individual; FEYSAL ADAN, an individual; HASSAN ADAN, an individual; NAJIB ADEN, an individual; MUSTAFA AHMED, an individual; SALAH AHMED, an individual; AHMED ALI, an individual; ALI- NUUR ALI, an individual; IBRAHIM ALI, an individual; MAHAD ALI, an individual; MOHAMOUD ALI, an individual; HASSAN ALLALEH, an individual; ALI AL-MOHANAWY, an individual; ALI AMIR, an individual; HAWA ARERO, an individual; YOHANIS BESHI, an individual; ABDIRAHMAN DAHIR, an individual; AHMED DAHIR, an individual; ABDIKADIR DERE, an individual; ABDULLAHI DHOBLE, an individual; ABUBAKAR DHUBOW, an individual; ABDINASIR ELMI, an individual; MOHAMED FARAH, an individual; ABDIFATAH GALGALO, an individual; AHMED GAMADA, an individual; KADIR GANAMO, an individual; SERWAN GARDI, an individual; MERRY GELETA, an individual; JERAB GRIMES, an | NO. **PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT SIS** |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

CONNOR & SARGENT PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 • FAX (206) 292-0494

1  individual; ALI HAJI-SOMO, an individual;
   AHMED HASSAN, an individual; ALI
2  HASSAN, an individual; HUSSEIN HASSAN, an
   individual; ALI HASSAN ALI, an individual;
3  TUUJII HEYII, an individual; ABDIFATAH
   HUSSEIN, an individual; MOHAMED
4  HUSSEIN, an individual; RIYAD HUSSEIN, an
   individual; AHMED IBRAHIM, an individual;
5  LIBAN IBRAHIM, an individual; ABDI IDAN,
   an individual; ABDULKADIR ISAHAQ, an
6  individual; AHMED ISAHAQ, an individual;
   YAHYE JAMA, an individual; MOHAMED
7  JIBRIL, an individual; CHALA KABIRA, an
   individual; NUREDIEN KAMAL, an individual;
8  GOULED KARIYE, an individual; MOHAMED
   MAHAMOUD, an individual; MOHAMED
9  MANSOUR, an individual; ZACKY MANSOUR,
   an individual; ABDIFATAH MOALIM, an
10 individual; ABDI A. MOHAMED, an individual;
   ABDIKARIN MOHAMED, an individual;
11 ISMAIL MOHAMED, an individual; JABIR
   MOHAMED, an individual; KAREEM
12 MOHAMED, an individual; MOHAMED
   MOHAMED, an individual; MOHAMED
13 YUSUF MOHAMED, an individual; MOWLID
   MOHAMED, an individual; NAJEEB
14 MOHAMED, an individual; OLOW
   MOHAMED, an individual; YAHYE
15 MOHAMED, an individual; YAHYA
   MOHAMOUD, an individual; MOHAMED R
16 MOHAMUD, an individual; SHAWN MOSBY,
   an individual; MAHAMED OSMAN, an
17 individual; MOHAMED OSMAN, an individual;
   YASIR RASHID, an individual; AMIN
18 ROBELE, an individual; JABIR ROBELE, an
   individual; GOBANA SAMERU, an individual;
19 ISSA SHEIK, an individual; AHMED SHEIKH,
   an individual; SIAD SIAD, an individual;
20 DEHIYA SITERO, an individual; ABDI
   SUGULLE, an individual; AWOT
21 TEWOLDEBRHAN, an individual; DANIEL
   TUNE, an individual; ADOGA UGAN, an
22 individual; GAMACHU UKE, an individual;
   ZAKARIA WARSAME, an individual; AHMED
23 WASUGE, an individual; JONATHAN
   WEREDE, an individual; MOHAMED
24 YACOUBE, an individual; HARON YUNIS, an
   individual; …

25

PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS
TO DEFENDANT - 2

CONNOR & SARGENT PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 • FAX (206) 292-0494

|  |  |  |
|---|---|---|
| 1 | Plaintiffs, | |
| 2 | v. | |
| 3 | | |
| 4 | SECURITY INDUSTRY SPECIALISTS, INC., a California corporation; | |
| 5 | Defendant. | |

## INSTRUCTIONS

### Interrogatories

Pursuant to Civil Rules 26 and 33, you are requested to answer the following interrogatories in writing and under oath and, after you and your attorney sign them below, you are to serve a copy upon the undersigned counsel at the offices of Connor & Sargent PLLC, 1000 2nd Avenue, Suite 3500, Seattle, WA 98104, within forty (40) days after they are served on you. These interrogatories are intended as continuing interrogatories, requiring you to answer by supplemental answers, setting forth any information within the scope of the interrogatories that may be acquired by you or by your employees, agents, attorneys, or representatives following your original answers, all as required by Civil Rule 26(e).

### Requests for Production of Documents

Request is also made, pursuant to Civil Rules 26 and 34, that you produce for inspection and copying the documents described in each request made below at the offices of Connor & Sargent PLLC, 1000 2nd Avenue, Suite 3500, Seattle, WA 98104. True and accurate copies of the requested documents may be produced with the answers to these interrogatories, but in any event shall be provided within forty (40) days after they are served on you.

These requests for production are directed to you and to your agents, attorneys, accountants, consultants, representatives, private investigators, and any and all persons acting

PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS
TO DEFENDANT - 3

CONNOR & SARGENT PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 • FAX (206) 292-0494

1  on your or their behalf.  These requests for production are intended to encompass the original

2  and all non-duplicate copies (those that differ from the original in some respect, for example,

3  by reason of notation made on the copy) of all documents of any nature which are now or

4  have at any time been within your care, custody, or control.

5      If you contend that any document encompassed by any request is privileged, in whole

6  or in part, or otherwise object to its production, then with respect to *each* such document:

7      1.  State with particularity the reason or reasons for your objection and/or the nature

8  of any privilege asserted;

9      2.  State the name and address of each person having knowledge of the factual basis,

10  if any, upon which the privilege or other objection is asserted; and

11      3.  Specify:

12          a.  The date of the document;

13          b.  The nature of the document (*i.e.,* whether letter, facsimile, electronic mail,

14  memorandum, etc.);

15          c.  The name and address of each individual who prepared the document;

16          d.  The name and address of each individual to whom the document, or a copy

17  thereof, has been at any time provided;

18          e.  The name and address of each person from whom the document has been

19  obtained by you;

20          f.  The name and address of the individual or entity having possession of the

21  original of the document (or if the whereabouts of the original is unknown, the name and

22  address of each person or entity known or believed to have a copy or copies thereof);

23

24

25

PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS
TO DEFENDANT - 4

CONNOR & SARGENT PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 • FAX (206) 292-0494

g.   All other information necessary to identify the document with sufficient particularity to meet the requirements for its inclusion in a motion for production pursuant to Civil Rule 37; and

h.   If such document was, but is no longer within your care, custody or control, state what disposition was made of it, the reason for such disposition, and the date upon which it was so disposed.

## DEFINITIONS

Included below are definitions of the terms used in this set of discovery.  Please read these definitions carefully, as some of the terms are given definitions which may be more expansive than the definitions which those terms are given in common usage.

1.  **"You"** and **"your"** shall refer to and include SIS and its their current and former attorneys, agents, investigators, accountants, officers, directors, and employees.

2.  **"Person"** shall include any individual, corporation, partnership, association, or any other entity of any kind.

3.  **"Document"** includes, but is not limited to, any paper, electronic mail, agreement, note, book, photograph, reproduction, pamphlet, brochure, manual, periodical, letter, report, memorandum, summary, notation, statement, draft, message, telegram, telex, wire, cable, record, log book, study, working paper, map, survey, drawing, blueprint, sketch, model, chart, schedule3, graph, index, tape, minutes, minute book, contract, lease, invoice, purchase order, journal, ledger, check, check stub, estimate, record of purchase or sale, correspondence, correspondence files, desk calendar, work paper, business form, appointment book, time sheet, business form, printout, computer tape, computer printout, computer program, computer disk; or index thereto, pleading, transcription or taping of telephone or personal conversation or conference, including intercompany, intracompany, interoffice, and

PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS
TO DEFENDANT - 5

CONNOR & SARGENT PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 • FAX (206) 292-0494

1   intraoffice memorandum, or other document regarding any conference, conversation, or other

2   communication, and any and all other written, printed, typed, taped, recorded, transcribed,

3   punched, filmed, or graphic matter, however produced or reproduced.

4       If a document has been prepared in several copies or additional copies have been

5   made, and the copies are not identical, each non-identical copy is a separate "document," and

6   should be produced for inspection and copying.

7       4. **"Identify,"** when applied to a person, requires that you give the person's full

8   name, residence address, residence telephone, business or occupation, job title or description,

9   employer, business address, and business telephone.  If you do not have current information

10  on the person being identified, then give their last known residence address, residence

11  telephone, etc.

12      5. **"Identify,"** when used in reference to a document, requires that you (regardless of

13  whether you may assert a privilege or other objection to its disclosure) describe the document

14  (i.e., whether it is a letter, memorandum, contract, etc.) and state its date, the name of the

15  person or persons whose signatures are affixed or for whom signature lines were prepared if

16  the document was unsigned, the person who prepared it, the person to whom it was addressed

17  and/or prepared for, a short synopsis of the document's contents, and to otherwise describe it

18  with sufficient detail to meet the requirements for its inclusion in a Civil Rule 34 request for

19  production or a Civil Rule 37 motion to compel, and also requires that you identify all

20  persons known to you to have control or possession of such documents or copies thereof.

21      6. **"State with Particularity,"** when used in reference to a matter of law is directed

22  to your attorney and means to state every relevant legal theory and material conclusion of law

23  specifically and completely and to cite the principal authorities relied upon in support of each.

24

25

PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS
TO DEFENDANT - 6

**CONNOR & SARGENT** PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 • FAX (206) 292-0494

## OBJECTIONS

If you object to answering any interrogatory or request for production, in whole or in part, state your objection and the factual or legal reasons supporting it.  If you object on grounds of privilege, please also state the nature and extent of all allegedly privileged matters in sufficient detail to allow the Plaintiff to seek an order compelling disclosure of the information or document in question.  State the date, author(s), addresses, persons receiving copies of, and the general subject matter of each document withheld under a claim of privilege and/or work product.  For each request for production or part thereof to which you object on the ground of burdensomeness, please indicate the custodian and location of each file or document requested, the time estimated to obtain the information, and the costs necessary to answer, as well as the basis for the cost estimate.

NOTE:  SIS may redact from all documents produced all social security numbers.  SIS may redact from all documents produced phone numbers and addresses except with respect to all Washington State applicants and hires.

## DISCOVERY REQUESTS

**INTERROGATORY NO. 1:**  Identify all persons participating in the preparation of your answers and responses to these discovery requests, specifying which answers or responses each such person participated in preparing.

**ANSWER:**



**INTERROGATORY NO. 2:**  Identify all persons known or believed by you to have knowledge or information of any facts relevant to the subject matter involved in this lawsuit and provide a detailed summary of each such person's knowledge or information.  (The information requested in this interrogatory includes, but is not limited to, the identity of all

PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS
TO DEFENDANT - 7

**CONNOR & SARGENT** PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 • FAX (206) 292-0494

witnesses upon whom either party might rely to support any claim or affirmative defense in the trial of this case.)

**ANSWER:**

**INTERROGATORY NO. 3:** Identify each person you intend to use as an expert witness in this lawsuit, and for each such person state:

(a) The subject matter on which the expert is expected to testify;

(b) The substance of the facts and opinions to which the expert is expected to testify;

(c) A summary of the basis or grounds for each such opinion; and

(d) The education, employment experience and professional awards or honors which support that person's qualification as an expert.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 1:** Produce any reports or written opinions prepared by the expert(s) identified in your response to the preceding interrogatory.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Produce any and all documents reviewed by the expert(s) identified in Interrogatory No. 3 in preparing his or her opinion or report.

**RESPONSE:**

PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS
TO DEFENDANT - 8

CONNOR & SARGENT PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 • FAX (206) 292-0494

1    **REQUEST FOR PRODUCTION NO. 3:**  Produce any and all documents pertaining
2  to Plaintiffs' Complaint or to the claims and allegations contained therein.
3    **RESPONSE:**
4
5
6    **INTERROGATORY NO. 4:**  Identify by policy number, policy period, carrier and
7  type of coverage every insurance or indemnification policy or agreement that may satisfy part
8  or all of a judgment that may be entered in this action or that might indemnify or reimburse
9  you for payments made to satisfy such a judgment.
10    **ANSWER:**
11
12
13    **REQUEST FOR PRODUCTION NO. 4:**  Produce all insurance and
14  indemnification policies or agreements identified in your response to the preceding
15  interrogatory (including all declaration pages, endorsements and amendments).
16    **RESPONSE:**
17
18
19    **REQUEST FOR PRODUCTION NO. 5:**  Produce any and all correspondence
20  between you and any insurance carrier or adjuster pertaining to Plaintiffs' Complaint or the
21  claims and allegations therein.
22    **RESPONSE:**
23
24
25

PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS
TO DEFENDANT - 9

**CONNOR & SARGENT** PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 • FAX (206) 292-0494

**INTERROGATORY NO. 5:**  Identify any and all discrimination claims submitted or discrimination lawsuits filed against you since 2000, including the date of the claim or filing of the lawsuit, identities of the parties involved, a brief description of the case, the case number and venue of any lawsuit filed, the name and address of any court reporter used for your witnesses' depositions, and the disposition of the lawsuit.

**ANSWER:**

**INTERROGATORY NO. 6:**  If you deny any facts alleged in Plaintiffs' Complaint, state with particularity all facts supporting, contradicting, or pertaining to your denial and identify all documents supporting, contradicting or pertaining to your denial, including in your answer the paragraph number of the Complaint to which the answer refers.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 6:**  Produce and all documents that pertain to the denials stated in the preceding interrogatory.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  Produce all documents pertaining to your hiring of employees for security guard and guard supervisory positions for the past three years anywhere in the United States.  Include in your response (a) any and all documents or

PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS
TO DEFENDANT - 10

**CONNOR & SARGENT** PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 • FAX (206) 292-0494

1  other materials used to recruit prospective employees; (b) any and all applications and

2  supporting materials received by you; (c) records maintained by you pertaining to such

3  applications; (d) records pertaining to interviews or communications with prospective

4  employees including notes, interviewing schedules, emails, or correspondence; (e) any

5  policies or procedures or communications pertaining to policies or procedures regarding

6  hiring of persons for guard or supervisory positions; (f) internal communications pertaining to

7  prospective applicants, including emails; (g) documents or records pertaining to the racial,

8  national origin or religious composition of your workforce, including, if available, documents

9  or records by worksite; and (h) with regard to the hiring of employees for work at Amazon

10  facilities in Seattle, any and all records or lists of individuals approved or not approved for

11  hire.

12  **RESPONSE:**

13

14

15

16  **REQUEST FOR PRODUCTION NO. 8:**  Produce any and all records reflecting the

17  wages or salaries paid to persons employed by you in Seattle since July of 2012.

18  **RESPONSE:**

19

20

21

22  **REQUEST FOR PRODUCTION NO. 9:**  Produce all correspondence or

23  communications between you and Amazon or its employees or representatives, or pertaining

24  to such correspondence or communications.

25

PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS
TO DEFENDANT - 11

**RESPONSE:**

**INTERROGATORY NO. 7:** State with specificity the procedures by which individuals were selected for hire by you since January 2011. To the extent that the selection procedures varied by location or time, state the way in which they varied.

**ANSWER:**

**INTERROGATORY NO. 8:** Identify all persons involved in hiring persons for positions with you in the state of Washington since March 2012 and state their position and role in the hiring process.

**ANSWER:**

**INTERROGATORY NO. 9:** Identify all persons who applied for employment with you for work in the state of Washington since March 2012. For each person so identified who was not hired by you, state the reason that they were not hired and who was involved in the decision not to hire them.

**ANSWER:**

**CONNOR & SARGENT** PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 • FAX (206) 292-0494

**INTERROGATORY NO. 10:**  State with specificity your system(s) and procedures for keeping track of job applicants and applications including describing what electronic or other records are maintained, how they are maintained and by whom.

**ANSWER:**

**INTERROGATORY NO. 11:**  Identify your IT Manager or the other SIS employee most knowledgeable of your electronically stored information and the manner in which such information can be searched, accessed and retrieved.

**ANSWER:**

DATED:  June 10, 2013.

CONNOR & SARGENT PLLC

By _____
Stephen P. Connor, WSBA No. 14305
Anne-Marie E. Sargent, WSBA No. 27160
Attorneys for Plaintiffs
Email: steve@cslawfirm.net
Email: aes@cslawfirm.net

MUNDT MACGREGOR LLP

JD Stahl, WSBA No. 14113
Email: jdstahl@mundtmac.com

Attorneys for Plaintiffs

PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS
TO DEFENDANT - 13

CONNOR & SARGENT PLLC
1000 2nd Avenue, Suite 3500
Seattle, WA 98104
(206) 654-5050 • FAX (206) 292-0494

## VERIFICATION

STATE OF WASHINGTON     )
                            ) ss.
COUNTY OF _____ )

_____, being first duly sworn on oath, deposes and says:

That s/he is the _____ of the Defendant Security Industry Specialists; that s/he read the within and foregoing Answers to Plaintiff's First Set of Discovery Requests to Defendant, knows the contents thereof, and believes the same to be true, complete and accurate.

Signed this _____ day of June, 2013, at _____, _____.

_____

SUBSCRIBED AND SWORN to before me this _____ day of June, 2013.

_____
Printed Name: _____
NOTARY PUBLIC in and for the State of
_____residing at _____
My commission expires: _____

PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS
TO DEFENDANT - 14